**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David Joe HARPER, Defendant–Appellant.**

**No. 88CA0974.**

Colorado Court of Appeals, Div. I.

Dec. 28, 1989.

Rehearing Denied April 5, 1990.

Certiorari Granted Aug. 27, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, David Joe Harper, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child. He also appeals his sentence imposed under the Colorado Sex Offenders Act. We affirm the judgment of conviction, vacate the sentence, and remand for further proceedings.

## I.

■ A newspaper article concerning the trial was published during the jury's overnight absence from the court. The defendant initially contends that the trial court erred in refusing to poll the jury in order to determine whether any jurors had read this article. We disagree.

This issue was decided adversely to the defendant's contention in *People v. Holmes*, 191 Colo. 477, 553 P.2d 786 (1976). There, our supreme court held that, absent a showing to the contrary, it is presumed that the jurors followed the trial court's instructions to ignore newspaper articles concerning the trial.

On the first day of trial, the trial court gave the following admonition:

"[D]o not read about the case in the newspapers or listen to radio or television broadcasts about the trial. You must base your verdict solely on the evidence presented at trial."

The article here was published the following day in a local newspaper, appearing as the third item in a column entitled "News Shorts" on page 4B. Its small headline read "Trial begins in sexual assault case." There was no showing by the defendant that any of the jurors read the newspaper article, or that he was prejudiced by the article. Therefore, we conclude that the trial court did not abuse its discretion in denying defendant's request to poll the jury.

## II.

Defendant's remaining contentions concern his sentencing pursuant to the Colora-

do Sex Offenders Act, § 16–13–201, et seq., C.R.S. (1986 Repl.Vol. 8A).

## A.

█ Defendant first argues that the trial court erroneously concluded that he was ineligible for probation. We agree.

The trial court determined that defendant was ineligible for probation because he was incarcerated. The People concede that this conclusion was erroneous. They further concede that none of the impediments to probation contained in § 16–11–201, C.R.S. (1986 Repl.Vol. 8A) apply to defendant's situation.

However, the People argue defendant was ineligible for probation because provisions of the habitual sex offenders against children statute, § 18–3–412, C.R.S. (1986 Repl.Vol. 8B) apply to him. Under the facts here, we disagree.

Section 18–3–412(4), C.R.S. (1986 Repl. Vol. 8B) provides that anyone with one prior conviction of sexual assault on a child is "subject to the provisions of this section" and "shall not be eligible for probation or suspension of sentence." However, § 18–3–412 specifically incorporates the procedures in § 16–13–103, C.R.S. (1986 Repl.Vol. 8A) (the general habitual criminal statute) concerning adjudication of a defendant as an habitual criminal.

In both statutes, the defendant's previous convictions must be set forth specifically in the complaint or information, and, if the defendant pleads not guilty to these counts, the People are required to prove the validity of these previous convictions beyond a reasonable doubt. Section 16–13–103, C.R.S. (1986 Repl.Vol. 8A). Consequently, the provisions of both statutes are triggered by the filing of the complaint or information.

Here, defendant, who apparently had one prior conviction for sexual assault on a child, was not charged under the provisions of § 18–3–412. Therefore, we conclude that that statute is inapplicable to him and, consequently, reject the People's contention that defendant is ineligible for probation.

Accordingly, the trial court must determine anew whether defendant would be eligible for probation. We do not mean to imply that the court is required to grant probation to defendant, only that it consider that alternative.

## B.

█ Defendant next argues that because the prosecution presented no witnesses prior to imposition of sentence, he was denied his right to confrontation during the sex offender evidentiary hearing. We agree.

Section 16–13–210, C.R.S. (1986 Repl.Vol. 8A) provides in pertinent part:

"(1)(a) The court shall set a hearing date at least ten days and no more than twenty days after service upon the defendant and his counsel of the reports required by sections 16–13–207 and 16–13–208.

(2)(a) The court shall, upon motion of the district attorney or the defendant, subpoena all witnesses required by the moving party in accordance with the Colorado rules of Criminal Procedure.

(b) The district attorney shall serve upon the defendant and his counsel a list of all witnesses to be called by the district attorney at least ten days before the evidentiary hearing.

. . . .

(4) In the evidentiary hearing, the following procedure shall govern:

(a) The district attorney may call and examine witnesses, and the defendant shall be allowed to cross-examine those witnesses.

(b) The defendant may call and examine witnesses, and the district attorney shall be allowed to cross-examine those witnesses.

(c) The defendant may call and cross-examine as adverse witnesses the psychiatrists and probation officers who have filed reports pursuant to sections 16–13–207 and 16–13–208."

This statute was enacted in response to *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), involving facts substantially similar to those here, which

extended confrontation rights to defendants in proceedings under Colorado's Sex Offender Act. In *Specht,* and later in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the United States Supreme Court held that a defendant has a right to be present with counsel, to be heard, *to be confronted with and cross-examine the witnesses against him,* and to offer evidence of his own.

■ The purpose of the rule of confrontation and cross-examination is to prevent conviction by *ex parte* affidavits, to sift the conscience of the witness, and to test his recollection to see if his story is worthy of belief. *People v. Dement,* 661 P.2d 675 (Colo.1983); *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973).

■ Defendant here was adjudicated after a "hearing" in which the prosecutor declined to call any witnesses. He objected to the admission of the psychiatrists reports and to the prosecution's refusal to call any witnesses. Based on the foregoing authority, we must conclude that this was no hearing at all. We reject the People's assertion that § 16–13–210(4)(c), C.R.S. (1986 Repl.Vol. 8A), which allows a defendant to call and cross-examine as adverse witnesses the authors of psychiatric and probation reports, satisfies the right to confrontation in these hearings. As our supreme court noted in *People v. Kibel,* 701 P.2d 37 (Colo.1985), "the defendant has a right to cross-examine the witnesses *who are presented by the prosecution.*" (emphasis added)

Accordingly, the defendant's sentence must be vacated and the cause must be remanded for a hearing.

In light of this deposition, we need not address defendant's remaining contention.

The judgment of conviction is affirmed; the sentence is vacated, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PIERCE and REED, JJ., concur.